IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

K.J.,

      **Plaintiff,**

v.                                          Civil Action No. 1:21-CV-74
                                              (BAILEY)

**UNITED STATES OF AMERICA and**
**OFFICER LARRY MARTIN,**

      **Defendants.**

## MEMORANDUM OF LAW IN SUPPORT OF
## THE UNITED STATES OF AMERICA'S PARTIAL MOTION TO DISMISS

COMES NOW, the Defendant, the United States of America, by and through undersigned counsel, and submits this Memorandum of Law in Support of its Motion to Dismiss Count III (Assault and Battery) for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and Motion to Dismiss Plaintiff's request for attorneys' fees and costs and demand for a jury trial.

## STATEMENT OF THE CASE

On June 8, 2021, Plaintiff initiated this action by filing a Complaint pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999 (1971) and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2672, *et seq.* Plaintiff's Complaint flows directly from her allegations of sexual assault and battery against Defendant Larry Martin, a Correctional Officer formerly employed at the Federal Correctional Institution Hazelton in Bruceton Mills, West Virginia. In addition to her general negligence claim (Count II), Plaintiff alleges an intentional tort claim sounding in assault and battery against the United States.

Herein, the United States moves to dismiss Plaintiff's Assault and Battery claim (Count III) for lack of subject-matter jurisdiction. Further, the United States moves to dismiss, or moves this Court to deny, Plaintiff's improper request for attorneys' fees and demand for a jury trial.

1

## **LEGAL STANDARD**

A.      **Motion to Dismiss – Subject Matter Jurisdiction – Fed. R. Civ. P. 12(b)(1)**

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) raises the fundamental question of whether a court is authorized to adjudicate the claims brought before it. The plaintiff bears the burden to prove that subject matter jurisdiction exists. *See Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). In deciding whether jurisdiction exists, a court is to consider the pleadings as mere evidence and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. *Id*. If a court determines at any time that it lacks subject matter jurisdiction, it must dismiss the action. *See* Fed. R. Civ. P. 12(h)(3).

B.      **Motion to Dismiss – Failure to State a Claim – Fed. R. Civ. P. 12(b)(6)**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). A complaint must be more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). This Court need not accept unsupported legal allegations or legal conclusions couched as factual allegations. *See Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989); *see also Papasan v. Allain*, 478 U.S. 265, 286 (1986); *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. *See Ashcroft*, 556 U.S. at 678.

## **ARGUMENT**

I.  **This Court lacks subject-matter jurisdiction over the claims alleged in Count III, as the United States has not waived sovereign immunity for assault and battery committed outside the scope of Defendant Martin's employment.**

Plaintiff's assault and battery claims against the United States, as alleged in Count III, are not actionable under the FTCA and must be dismissed for lack of subject matter jurisdiction. The United States cannot be sued in a tort action unless Congress has waived the government's sovereign immunity and authorized suit under the FTCA. *See Dalehite v. United States*, 346 U.S. 15, 30-31 (1953). The FTCA provides a limited waiver of the United States' sovereign immunity that allows plaintiffs to sue the United States "for certain torts committed by federal employees acting within the scope of their employment." *Billups v. United States*, 854 F. App'x 514, 516 (4th Cir. 2021) quoting *Brownback v. King*, 141 S. Ct. 740 (2021); *see also* 28 U. S. C. §§ 1346(b); 2671 *et seq*. But the statute carves out from this waiver "[a]ny claim arising out of a list of specified torts, most of which are intentional." *Id*. citing 28 U.S.C. § 2680(h). This provision is sometimes referred to as the "intentional tort exception" to the FTCA. *See e.g. Durden v. United States*, 736 F.3d 296 (4th Cir. 2013).

However, the proviso to the intentional torts exception waives sovereign immunity for six intentional torts committed by "investigative or law enforcement officers of the United States Government," and those torts include assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution. *See* 28 U. S. C. § 2680(h). The "law enforcement proviso" to the intentional tort exception applies "where a claim both arises out of one of the proviso's six intentional torts, and is related to the 'acts or omissions' of an 'investigative or law enforcement officer.'" *Millbrook v. United States*, 569 U.S. 50, 54-55 (2013). The Supreme Court has held that "[t]he proviso's cross-reference to § 1346(b) incorporates an additional requirement that the acts

3

or omissions giving rise to the claim occur while the officer is 'acting within the scope of his office or employment.'" *Millbrook*, 569 U.S. at 55 quoting 28 U. S. C. § 1346(b)(1). The Fourth Circuit has also expressly recognized that the law enforcement proviso to the intentional tort exception only applies to "federal employees acting within the scope of their employment." *Billups*, 854 F. App'x at 516.

For purposes of 28 U. S. C. § 2680(h), the United States does not dispute that Defendant Martin was employed as a law enforcement officer at times relevant to this civil action. The relevant inquiry, therefore, is whether Martin was acting within the scope of his employment during the alleged assault and battery. United States Code Title 28, Section 2674 provides that "[t]he United States shall be liable…in the same manner and to the same extent as a private individual under like circumstances." Similarly, whether a government employee was acting within the scope of his office or employment shall be analyzed in accordance with the law of the place where the act or omission occurred. *See* 28 U. S. C. 1346(b)(1); *see also Gutierrez de Martinez v. Drug Enf't Admin.*, 111 F.3d 1148, 1156 (4th Cir. 1997) ("In answering this question, we apply the law of the state where the conduct occurred.").

Under West Virginia law, "[a]n act specifically or impliedly directed by the master, or any conduct which is an ordinary and natural incident or result of that act, is within the scope of the employment." Syl. Pt. 6, *Courtless v. Jolliffe*, 203 W.Va. 258, 507 S.E.2d 136 (1998); *see also Griffith v. George Transfer & Rigging, Inc.*, 157 W.Va. 316, 326, 201 S.E.2d 281, 288 (1973) ("'Scope of employment' is a relative term and requires a consideration of surrounding circumstances including the character of the employment, the nature of the wrongful deed, the time and place of its commission and the purpose of the act.").

The "purpose" of the act is of critical importance and "this element echoes throughout

[West Virginia] jurisprudence." *W. Virginia Reg'l Jail & Corr. Facility Auth. v. A.B.*, 234 W. Va. 492, 510 (2014); *see Travis v. Alcon Laboratories, Inc.*, 202 W.Va. 369, 381, 504 S.E.2d 419, 431 (1998) (Purpose must be for benefit of employer); *Barath v. Performance Trucking Co., Inc.*, 188 W.Va. 367, 424 S.E.2d 602 (1992) (Instruction by employer to commit act was within scope); *Holliday v. Gilkeson*, 178 W.Va. 546, 363 S.E.2d 133 (1987) (Act taken to protect the employer's property was within scope); Syl. Pt. 1, *Meadows v. Corinne Coal & Land Co.*, 115 W.Va. 522, 177 S.E. 281 (1934) (Act taken in furtherance of employer's business was within scope); Syl. Pt. 1, *Nees v. Julian Goldman Stores, Inc.*, 109 W.Va. 329, 154 S.E. 769 (1930) (Act taken in furtherance of employer's business was within scope); *Porter v. South Penn Oil Co.*, 125 W.Va. 361, 366, 24 S.E.2d 330, 333 (1943) (Act for personal grievance was not within scope of employment). the phrase "within the course and scope of employment" refers to acts of an employee committed while engaged in the service of the employer or while about the employer's business.

In *W. Virginia Reg'l Jail & Corr. Facility Auth. v. A.B.*, 234 W. Va. 492, 766 S.E.2d 751 (2014), a suit premised on vicarious liability for an inmate's sexual assault by a prison guard, the West Virginia Supreme Court of Appeals determined that a guard's sexual assault fell outside the scope of his employment. *Id*. at 768-770. In reaching this outcome, the Court explained that "as applied to sexual assaults committed by an employee while on duty '[t]here is overwhelming majority support in other jurisdictions concluding that sexual assaults committed on the job are not within the employee's scope of employment.'" *Searls v. W. Virginia Reg'l Jail*, No. CV 3:15-9133, 2016 WL 4698547, at *3 (S. D. W. Va. Sept. 7, 2016) citing *Id*. The Court, noting that sexual assault perpetrated by a guard was "specifically criminalized by statute for all jail or correctional facility employees," the guard "allegedly committed acts which were so divergent from the scope

5

of his duties they were made expressly felonious if committed by him in that context." *Id*. Likewise, the U. S. District Court for the Southern District of West Virginia has also found that claims of sexual assault by a guard on an inmate "fall outside the scope of the defendant-guards' employment." *Searls*, 2016 WL 4698547 at *3.

Here, the Complaint avers that "Defendant Martin assault and battered K.J. through, but not limited to, unwanted, non-consensual sexual abuse, sexual assault, and harassment." ECF No. 1 at PageID #22. In an effort to establish scope of employment, Plaintiff merely alleges "[a]ll of Defendant Martin's acts and omissions were taken while acting under color of law and in the scope and course of his position as a Correctional Officer at FCC Hazelton." *Id*. These legal conclusions are baseless and must fail. The facts, as alleged in the Complaint or otherwise, cannot support a finding that Mr. Martin was acting within the scope of his employment during the alleged assault and battery. Additionally, Plaintiff has plead in a related bankruptcy proceeding that the acts in question were intentional sexual assaults.[1]

The scope of employment analysis requires consideration of surrounding circumstances including "the character of the employment, the nature of the wrongful deed, the time and place of its commission and the purpose of the act." *Griffith*, 157 W.Va. at 326. West Virginia courts have concluded that sexual assaults perpetrated by an employee while on duty are not within the scope of the employee's employment because the sexual assaults "in no way furthered the purposes of the [employer]." *Searls*, 2016 WL 4698547 at *3 (quoting *A.B.*, 234 W. Va. at 772). The character or purpose of Mr. Martin's employment was to "provid[e] supervision, care and security" to inmates, as set forth by the BOP. Certainly, based on the facts as alleged in the Complaint and the

---

[1] Plaintiff filed a "Motion for Relief from Automatic Stay," stating that Mr. Martin's actions were "willful and malicious" and any debts arising from those intentional acts are not subject to discharge under 11 U. S. C. §523(a)(6). *See In re Larry Chad Martin*, No. 1:21-BK-537 (N. D. W. Va.) at Doc. 20.

controlling law, the sexual assaults allegedly committed by Mr. Martin were not within the scope of his employment with the BOP.

Accordingly, this Court lacks jurisdiction over the claims alleged in Count III, as the United States has not waived sovereign immunity for the intentional torts of assault and battery committed outside the scope of employment. The cause of action must therefore be dismissed.

**II.     Plaintiff is not entitled to an award of attorneys' fees or costs.**

In her Complaint, Plaintiff makes a "[r]equest for reasonable attorneys' fees and costs in accordance with applicable law." ECF No. 1 at PageID #23. However, the Equal Access to Justice Act, 28 U.S.C. § 2412, prohibits the award of fees and expenses in tort cases. *See Giambalvo v. United States*, Civil Action No. 1:11-CV-14, 2015 U.S. Dist. LEXIS 30212, at *37 (N.D.W. Va. Mar. 12, 2015) (citing 28 U. S. C. § 2412(d)(1)(A). In fact, "[n]o attorney shall charge, demand, receive, or collect for services rendered, fees in excess of 25 per centum of any judgment" in cases brought under the FTCA. *See* 28 U. S. C. § 2678. Accordingly, Plaintiff's "request" for attorneys' fees and costs must be dismissed or denied.

**III.    Plaintiff is not entitled to a jury trial under the FTCA.**

In the Complaint, Plaintiff "demands a jury trial on any and all Counts so triable under applicable law." ECF No. 1 at PageID #23. Congress declined to extend the United States' waiver of sovereign immunity to allowing jury trials, explicitly stating "any action against the United States under [the FTCA] shall be tried by the court without a jury…" 28 U. S C. § 2402; *see also Alqam v. United States*, Civil Action No. 3:06-CV-100, 2008 U.S. Dist. LEXIS 114687, at *24 (N. D. W. Va. May 21, 2008) ("The defendants also correctly note that punitive damages and the right to a jury trial are not available under the FTCA."). Thus, the FTCA does not confer a right to a jury trial, and Plaintiff's "demand" for a jury trial should be dismissed or denied.

## **CONCLUSION**

Wherefore, the United States respectfully moves this Court to grant its Partial Motion to Dismiss.

                                            Respectfully submitted,

                                            WILLIAM IHLENFELD
                                            UNITED STATES ATTORNEY

By:    */s/ Christopher J. Prezioso*
         Christopher J. Prezioso
         Assistant United States Attorney
         WV Bar # 9384

         */s/ Morgan S. McKee*
         Morgan S. McKee
         Assistant United States Attorney
         WV Bar # 12669

         */s/ Maximillian F. Nogay*
         Maximillian F. Nogay
         Assistant United States Attorney
         WV Bar # 13445

         United States Attorney's Office
         P.O. Box 591
         1125 Chapline Street, Suite 3000
         Wheeling, WV 26003
         Phone: 304-234-0100
         Fax:    304-234-0112

         *COUNSEL FOR DEFENDANT*
         *UNITED STATES OF AMERICA*

## **CERTIFICATE OF SERVICE**

I, Maximillian F. Nogay, hereby certify that on the 12th day of April, 2022, I filed a true and correct copy of the foregoing **PARTIAL MOTION TO DISMISS** and **MEMORANDUM OF LAW** via the CM/ECF system, which will send a copy to all counsel of record.

By:   */s/ Maximillian F. Nogay*